### *Inhabitants of* EASTPORT *vs.* MICAJAH HAWKES.

An action cannot be maintained against any person, under the provisions of the *stat.* of 1821, *c.* 125, for the penalty for neglecting to perform the duty of keeping watch, unless the Justices and Selectmen establishing the watch, " shall appoint the number of persons whereof the same shall consist."

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Debt, originally commenced before a magistrate, to recover a penalty of one dollar of the defendant, an inhabitant of *Eastport*, for not having done, or procured another to have done, the duty of watch in that town, *Dec.* 28, 1835, as provided by *stat.* of 1821, *c.* 125. One of a large number of objections made at the trial in the Court of Common Pleas, was to the admission and sufficiency of the warrant from the justices and selectmen, because it was wholly defective in many particulars, and especially because it did not provide or appoint the number of persons of which the watch should consist. The Judge overruled the objection, and held the warrant to be sufficient without such appointment. As this was the only objection considered by the Court, the facts and arguments pertinent to the others are omitted. The verdict was for the plaintiffs, and the defendant filed exceptions.

*Chase & S. S. Rawson*, for the defendant, insisted that the warrant for the watch was fatally defective. It should show the number of which the watch should consist, and who should be sum-

moned by the constable.   He is here at perfect liberty to summon the whole town, or but a single individual, at his pleasure.

*Hobbs & D. T. Granger* argued, that the statute was merely directory, as to the mode of action in setting the watch.   It was wholly impracticable, when the warrant issued, to settle and determine the number necessary and proper to compose the watch.   No oppressive use is pretended to have been made of the warrant by the constable, and the defendant cannot object to this informality, if it be one.   The warrant may be good in part, if not for the whole.   10 *Johns. R.* 293.   The justices and selectmen are constituted a tribunal to determine this question, and their decision is final — certainly until reversed.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — A number of objections are taken to the course of proceeding in this case.   We are constrained to regard one of them as fatal.   The statute for the keeping of watch and ward, *stat.* of 1821, *c.* 125, provides, that the justices and selectmen, to whom the power of establishing a watch is confided, should " appoint the number of persons, whereof the same shall consist." This is an authority, to be exercised by them ; and which they cannot depute to the constable.   He is upon this point to take their commands ; and has no discretion of his own.   It is essential to the legal appointment of a watch, that the number should be prescribed.   This was not done in the case before us ; and in our judgment therefore, the forfeiture, sought to be recovered in this action, has not been incurred.   The exceptions are accordingly sustained, and the verdict set aside.   As the objection is not of a nature to be removed upon another trial, the plaintiffs are to become nonsuit.